IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

TARA LYNN W. L.[1]

        Plaintiff,

v.

ANDREW M. SAUL,
Commissioner, Social Security
Administration,

        Defendant.

No. 6:20-cv-01079-MO

OPINION AND ORDER

MOSMAN, J.,

    Plaintiff Tara Lynn W. L. brings this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act ("SSA") for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"). The only issue on this appeal is whether the Administrative Law Judge ("ALJ") erred at step five of the sequential disability analysis by failing to identify jobs that exist in significant numbers that Plaintiff can perform. For the reasons discussed below, I REVERSE the decision of the Commissioner.

---

[1] In the interest of privacy, this opinion uses only the first name and the initials of the last name of the nongovernmental party in this case.

1 – OPINION AND ORDER

**PROCEDURAL BACKGROUND**

Plaintiff filed her application for Disability Insurance Benefits and Supplemental Security Income in November 2016, alleging disability beginning on September 10, 2009. Tr. 215–17. Her application was denied initially on January 26, 2017, and upon reconsideration on July 19, 2017. Tr. 76, 91; Tr. 105, 121. A hearing was held before ALJ Vadim Mozyrsky on March 26, 2019. Tr. 33. The ALJ issued an unfavorable decision on April 17, 2019, finding that Plaintiff was not disabled and therefore not entitled to benefits. Tr. 10, 27. On May 1, 2020, the Appeals Council declined review, rendering the ALJ's decision the Commissioner's final decision. Tr. 1. On July 2, 2020, Plaintiff filed a Complaint [ECF 1] in this Court pursuant to 42 U.S.C. §§ 405(g), 1381–1383 to obtain judicial review of the final decision.

**DISABILITY ANALYSIS**

To determine whether a person is disabled within the meaning of the SSA, the Commissioner engages in a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

At step one, the ALJ determines if the claimant is performing substantial gainful activity. If so, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). At step two, the ALJ determines if the claimant has "a severe medically determinable physical or mental impairment" that meets the twelve-month durational requirement. If the claimant does not have such a severe impairment, he or she is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1509, 416.920(a)(4)(ii), 416.909. At step three, the ALJ determines whether the severe impairment meets or equals an impairment listed in the regulations. If it does, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1545, 416.920(a)(4)(iii), 416.945.

If adjudication proceeds beyond step three, the ALJ must evaluate medical and other relevant evidence to assess the claimant's residual functional capacity ("RFC"). The claimant's RFC is an assessment of work-related activities the claimant may still perform on a regular and continuing basis, despite limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.920(e).

At step four, the ALJ uses this information to determine if the claimant can perform his or her past relevant work. If the claimant can perform past relevant work, he or she is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform past relevant work, the ALJ proceeds to step five.

At step five, the Commissioner must determine if the claimant is capable of performing work existing in the national economy. If the claimant cannot perform such work, he or she is disabled. 20 C.F.R. § 404.1520(a)(4)(v); 416.920(a)(4)(v); *Yuckert*, 482 U.S. at 142; *Tackett*, 180 F.3d at 1099.

The initial burden of establishing disability rests upon the claimant. *Yuckert*, 482 U.S. at 146 n.5. If the sequential disability analysis reaches the fifth step, "the burden shifts to the Commissioner to show that the claimant can perform some other work that exists in 'significant numbers' in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett*, 180 F.3d. at 1100 (quoting 20 CFR § 404.1560(b)(3)). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g); 416.920(g); *Tackett*, 180 F.3d at 1099.

## THE ALJ'S FINDINGS

The ALJ applied the five-step sequential process in determining whether Plaintiff qualified as disabled. At step one, the ALJ found Plaintiff had not engaged in substantial gainful

employment since the alleged onset date, September 10, 2009. Tr 15. At step two, he concluded Plaintiff had the following severe impairments: status post right distal humerus fracture, obesity, depression, and anxiety. Tr. 15. Continuing to step three, the ALJ found Plaintiff's severe impairments did not meet or medically equal one of the listed impairments in the regulations. Tr. 16.

Between steps three and four, the ALJ assessed Plaintiff's RFC. Tr. 18. He found that Plaintiff had the RFC to perform light work, "except [she] can lift and or carry twenty pounds occasionally and ten pounds frequently; [she] can stand and or walk six hours in an eight hour workday, and sit six hours in an eight hour workday." Tr. 18. The ALJ found Plaintiff "is limited to occasional push/pull with the right upper extremity; . . . limited to occasional overhead reaching and reaching in all other directions with the right upper extremity; . . . limited to simple, routine, and repetitive tasks; and . . . simple work-related decision." Tr. 18. At step four, the ALJ determined that Plaintiff has no past relevant work. Tr. 26.

At step five the ALJ found there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Tr. 26. In making this determination, the ALJ accepted a vocational expert's testimony that Plaintiff could perform the jobs of Usher, School Bus Monitor, Children's Attendant, and Tanning Salon Attendant. Tr. 26–27. The vocational expert testified that there are 5,600 fulltime Usher jobs available nationwide, 547 School Bus Monitor jobs, 5,900 Children's Attendant jobs,[2] and 341 Tanning Salon Attendant jobs. Tr. 26–27, 56–59. These total 12,388 fulltime jobs available in the national economy. The ALJ concluded that Plaintiff was not disabled from September 10, 2009, through the date of the decision. Tr. 27.

---

[2] The vocational expert initially testified that he was not aware of the existence of Children's Attendant jobs, but then agreed that according to the "Job Browser Pro program," 5,900 fulltime jobs with that description exist. Tr. 58–59.

4 – OPINION AND ORDER

## STANDARD OF REVIEW

On review, I must affirm the Commissioner's decision if it is based upon proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Bray*, 554 F.3d at 1222 (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). A judge must uphold the Commissioner's decision if it is a rational interpretation of the evidence, even if there are other possible rational interpretations. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The reviewing court may not substitute its judgment for that of the Commissioner. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006).

## DISCUSSION

The sole issue is whether the ALJ erred in determining that there are jobs that exist in significant numbers that Plaintiff can perform.

In order to show the claimant is able to do other work, and is therefore not disabled, it is the Commissioner's burden to establish that work exists in significant numbers in the national economy that the claimant can perform. *Tackett*, 180 F.3d at 1099. The "'significant number of jobs' can be *either* regional jobs (the region where a claimant resides) *or* in several regions of the country (national jobs)." *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012); *see also* 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1566(a). There must be "a significant number of jobs (in one or more occupations) having requirements which [the claimant is] able to meet with [his or her] physical or mental abilities and vocational qualifications. Isolated jobs that exist only in very limited numbers in relatively few locations outside of the region where [the claimant] live[s] are

not considered 'work which exists in the national economy.'" 20 C.F.R. § 404.1566(b). The Commissioner can "meet the burden of showing that there is other work in 'significant numbers' in the national economy" in two ways: "(1) by the testimony of a vocational expert, or (2) by reference to the Medical–Vocational Guidelines." *Tackett*, 180 F.3d at 1099.

Here, relying on testimony from a vocational expert, the ALJ found Plaintiff could perform the jobs of Usher, School Bus Monitor, Children's Attendant, and Tanning Salon Attendant. Tr. 26–27. The ALJ found that collectively there were 12,388 fulltime jobs available in the national economy. Tr. 26–27. Plaintiff argues that the availability of 12,388 fulltime jobs nationally does not amount to a "significant number" of jobs and the ALJ should have considered regional numbers. Pl.'s Br. [ECF 10] at 8–9; Pl.'s Reply [ECF 15] at 3. Thus, Plaintiff argues the ALJ erred in finding Plaintiff not disabled. Pl.'s Br. [ECF 10] at 8–9; Pl.'s Reply [ECF 15] at 4.

There is no "bright-line rule for what constitutes a 'significant number' of jobs." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 528 (9th Cir. 2014). For instance, the Ninth Circuit has upheld the ALJ's finding that 25,000 jobs nationally and 2,500 jobs regionally (in the State of California where the claimant lived) were significant but noted that whether "25,000 national jobs is significant presents a close call." *Gutierrez*, 740 F.3d at 529. Neither side cites any case where the Ninth Circuit has found fewer than 25,000 national jobs to be significant.[3] And there are numerous cases from this district where the court has found fewer than 15,000 jobs nationally to be insignificant. *See, e.g., Moey C. v. Comm'r, Soc. Sec. Admin.*, No. 3:18-cv-01409-HZ, 2020 WL 39965, at *3 (D. Or. Jan. 3, 2020) (14,670 jobs nationally not significant);

---

[3]Although at least two other circuits have. *Johnson v. Chater*, 108 F.3d 178, 180 (8th Cir. 1987) (10,000 jobs nationally was significant); *Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 906 (6th Cir. 2016) (6,000 jobs nationally was significant).

6 – OPINION AND ORDER

Pl.'s Reply [ECF 15] at 3–4 (collecting cases). Moreover, the national job number must be assessed "in light of the fact that it represents jobs across 'several regions.'" *Beltran*, 700 F.3d at 390. In fact, many courts explicitly consider the regional and national job numbers together. *See, e.g., Tammy L. F. v. Berryhill*, No. 3:18-cv-05090-RBL-TLF, 2019 WL 286056, at *4 (W.D. Wash. Jan. 3, 2019) (finding 11,084 national jobs not significant and explaining "where district courts have found similar numbers of national jobs to be significant, generally they have done so when considered in conjunction with regional numbers." (internal quotation marks and citation omitted)), *report and recommendation adopted sub nom. Foster v. Berryhill*, 2019 WL 280069 (W.D. Wash. Jan. 22, 2019).

I am persuaded by Plaintiff, and by the several other cases in this district, that the ALJ erred in concluding 12,388 jobs nationally constituted a significant number. First, 12,388 is just under one-half of 25,000—a number that the Ninth Circuit said was a "close call." Second, the ALJ did not appear to consider this number in the context of several regions of the country. So it is unclear whether only isolated jobs exist in limited numbers in relatively few locations outside of the region where Plaintiff lives. Finally, and relatedly, the ALJ did not alternatively consider, and the vocational expert did not testify to, the number of available jobs in the regional economy. Thus, I find the ALJ's decision is not supported by substantial evidence, and the Commissioner did not meet the burden at step five.

//

//

//

//

//

7 – OPINION AND ORDER

## CONCLUSION

For the foregoing reasons, I REVERSE the decision of the Commissioner and REMAND this case for further administrative proceedings.

IT IS SO ORDERED.

DATED this 4th day of August, 2021.

                                                MICHAEL W. MOSMAN
                                                United States District Judge